FILED

SEP - 7 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                                     )     Case No. 07-11185-B-11
                                                              )
Running Horse, L.L.C.,                      )     DC No. WLG-19
                                                              )
        Debtor.                                        )
                                                              )

**MEMORANDUM REGARDING EX PARTE APPLICATION
FOR AUTHORIZATION TO GRANT QUITCLAIM DEED**

        The court has reviewed the Debtor's Ex Parte Application for Authorization to Grant Quitclaim Deed to Clarify Title Issue filed September 4, 2007 (the "Application"). The Debtor seeks permission to execute and record three legal documents, specifically quitclaim deeds, which will materially alter the title to three parcels of real property which the Debtor contends belong to the bankruptcy estate (the "Subject Properties").[1] For the reasons set forth below, the Application will be denied.

        According to documents filed with the Application, the Debtor owns approximately 30 parcels of real property which are vested in the Debtor's name, Running Horse, L.L.C. A problem arises with the Subject Properties, which are vested in the name Running Horse Development, LLC ("RH Development"). According to the Secretary of State's public records, RH Development does not exist as a registered legal entity. The Secretary of State's records do show the existence of an entity known as Running Horse Development Group, LLC ("RHDG"). The Debtor contends that RH Development was a "dba" of the Debtor at the time the Subject Properties were purchased and that the designation of RH Development in the Subject Properties' title was a "mistake." The Debtor wants to administer the Subject Properties in this bankruptcy case, but the title

---

[1] The Application only requests relief with regard to two parcels of land identified in the moving papers as parcels numbers 25 and 31. Attached to the Application is an excerpt from an undated preliminary title report prepared by Stewart Title Company. That title report reveals that the purported title defect actually affects three parcels; numbers 20, 25 and 31. The title defect relates to 100% of the interest in parcels numbers 25 and 31. It only affects an undivided 39% interest in parcel number 20.

company will not insure title to the Subject Properties unless and until this court issues an order which corrects the purported "mistake."

The Debtor seeks authorization from this court to execute quitclaim deeds which will convey any interest of RH Development to Running Horse, L.L.C. Implicit in the Application is the Debtor's request to terminate any interest that RHDG may claim in the Subject Properties. The Declaration of Richard Evans states that RHDG is an entity owed and controlled by Jack Haney, a "prior proposed purchaser of the assets of the Debtor." The Application is silent as to RHDG's position with regard to the Subject Properties. The court notes that neither RHDG, nor Jack Haney was served with a copy of the Application.[2]

The Application also fails to disclose the exact nature of the title company's problem with the Subject Properties. However, the court may infer from the Application that the title company does not agree with the Debtor's summary conclusion that the designation of RH Development in the title records was a mere "mistake" subject to technical correction. The title company has apparently refused to insure title to any transaction involving the Subject Properties unless this court issues an order which effectively "quiets title" in favor of the Debtor. The Debtor submitted a proposed order with the Application which decrees, "that the Debtor be *authorize* to execute and deliver a Quit Claim Deed [for each Subject Property] to Stewart Title." (Emphasis added.) In that regard, the Application is ambiguous: Does the Debtor merely seek permission to execute the quitclaim deeds, or does it need a judicial decree pronouncing that it has the legal and equitable capacity to execute the quitclaim deeds? Even if this court were to *permit* the Debtor to execute quitclaim deeds in the name of RH Development as a purely ministerial

---

[2]The court notes too that Jack Haney and RHDG were not listed on the Debtor's Master Address List and were not served with notice of commencement of this bankruptcy. At an early status conference in this case, this court noted the designation of RHDG in title documents, which had been filed in adversary proceeding number 07-1111. This court specifically inquired whether RHDG claimed an interest in the Subject Properties, and whether the title insurance company was willing to insure any transaction involving sale of the Subject Properties. The first part of that question remains unanswered.

2

act, the substance of the Application suggests that such relief would not resolve the underlying problem.[3] The Application suggests that Stewart Title wants a final and binding adjudication from this court that the Debtor is *authorized* to act as the legal and equitable owner of the Subject Properties. The Debtor is seeking, in essence, a decree of quiet title to expunge the name RH Development from the chain of title for the Subject Properties. This court cannot make that determination on the evidence presented in the Application.

Procedurally, an action for a declaratory judgment relating to the Debtor's interest in real property requires the commencement and prosecution of an adversary proceeding. (Fed.R.Bankr.P. 7001(9).) That relief cannot be granted without an adversary proceeding unless all persons and entities potentially affected by the declaration were to join in the request. If Jack Haney and RHDG claim no interest in the Subject Properties, then RHDG can execute quitclaim deeds and eliminate that ambiguity. If the Debtor still needs relief from this court to aid in its ability to procure title insurance, then the details of the problem must be disclosed with greater particularity. In the absence of a *bona fide* dispute, the bankruptcy court is not in the business of issuing "comfort orders" for title insurance companies.

Based on the foregoing, the Application will be denied.

Dated: September __7__, 2007

_____
W. Richard Lee
United States Bankruptcy Judge

---

[3]The Application states that Stewart Title will "ensure title to the [Subject Properties] as being owned by Running Horse, L.L.C. *provided* a Court Order is first obtained transferring title to the Debtor in its correct name." (Emphasis added.) This court is not aware of any provision in the Bankruptcy Code which requires the court's permission to correct a purely technical "mistake" in the form of title for estate property, so long as no actual transfer of property rights is involved. Stewart Title's demand for a court order suggests that the title company views the title defect as more than a technical problem and that the Debtor seeks more than mere permission to execute the quitclaim deeds.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Running Horse, L.L.C.
17333 S Comconex Rd
Manteca, CA 95336

Riley C. Walter
7110 N Fresno St #400
Fresno, CA 93720

Justin D. Harris
1690 W Shaw Ave #200
Fresno, CA 93711

Office of the US Trustee
2500 Tulare St #1401
Fresno, CA 93721

DATED: 9/7/07        By: _____
                         Deputy Clerk

EDC 3-070 (New 4/21/00)